PIERCE, Judge.
Pinellas County, plaintiff below, appeals from a declaratory judgment in favor of General Telephone Company of Florida, defendant below.
The County filed its complaint asking the lower Court to enter a declaratory judgment determining whether it was required or authorized to pay General Telephone’s costs and expenses for removal or relocation of utility lines as a result of an alleyway being vacated for the purpose of constructing a County Judicial Building.
General Telephone filed an answer admitting the allegations except those relating to the applicability of F.S. §§ 338.17-21 and 362.01, F.S.A. It affirmatively alleged that it maintained telephone facilities under the city streets by virtue of a franchise agreement with the City of St. Petersburg; that this franchise constituted a contract between it and the City and that the County’s actions impaired this contract in violation of § 17 of the Declaration of Rights of the Florida Constitution, F.S.A., and § 10, Article I, of the United States Constitution. It also alleged that this franchise constituted a property right and that the County’s attempt to eliminate General Tel-phone’s franchise and force it to relocate its facilities without payment of just compensation violated § 29, Article XVI, and §§ 1 and 12 of the Declaration of Rights of the Florida Constitution and the 5th and 14th Amendments to the United States Constitution.
*10 Upon final hearing the Court entered its declaratory judgment setting forth findings of fact on the issues and stating conclusions of law applicable thereto, which we adopt, as follows:
"1. An alley located in an East-West direction through the following described property located in the City of St. Pe-tersburg, Pinellas County, Florida and described more fully as follows:
Being a Replat of Lots 1 through 12 inclusive, Block 19, Revised Map of the City of St. Petersburg as recorded in Plat Book 1, page 49.
had been dedicated to the City of St. Pe-tersburg many, many years ago which said alley had been maintained by said city.
2. Said alley contain^! certain telephone lines and equipment belonging to the defendant, General Telephone Company of Florida, which the company, or its predecessors, had maintained since 1941 within the right-of-way of said dedicated alley.
3. The plaintiff acquired the above described real property abutting upon said dedicated alley by purchase or condemnation during the year 1966 and requested the defendant to remove its utility lines from said alley which defendant declined to do unless compensated by the plaintiff in a sum equivalent to the cost of relocation thereof.
4. The City of St. Petersburg declined to vacate the alley until the controversy between plaintiff and defendant was resolved.
5. Without waiving their respective rights and in order to facilitate the removal of said telephone facilities and to avoid otherwise resultant delay in the construction of a County Judicial Building upon the above described property, the plaintiff county by agreement with the defendant deposited the sum of $13,000.00 in escrow in the St. Peters-burg Bank and Trust Company pending a determination by the Court of whether plaintiff should properly compensate defendant for said costs of relocating the latter’s telephone facilities.
6. The cost of removing and relocating said telephone lines and equipment was in the sum of $13,000.00.
7. The • defendant telephone company, or its predecessors, had utilized said dedicated alley under a valid franchise granted by the City of St. Petersburg under its Ordinance No. 945-A regularly adopted April IS, 1941.
The Court concludes that the franchise agreement between the city and the defendant, or its predecessors, constituted and constitutes a property right belonging to the defendant of which the defendant may not be deprived, or the value thereof destroyed or diminished without the payment of just compensation to the defendant under Section 29, Article XVI and Sections 1 and 12 of the Declaration of Rights of the Florida Constitution and the Fifth and Fourteenth amendments to the Constitution of the United States.”
Based on the foregoing, the Court adjudged and decreed as follows:
“1. A declaratory judgment be, and the same hereby is, entered whereby the Court determines that Pinellas County, Florida, a political subdivision of the State of Florida, may legally and shall pay the sum of $13,000.00 to General Telephone Company of Florida, as costs of the relocation of its utility lines from said alley.
2. It is hereby directed that a certified copy of this declaratory judgment entered herein shall be presented to St. Petersburg Bank and Trust Company, as escrow agent, in order that said sum of $13,000.00 in escrow shall be paid forthwith to General Telephone Company of Florida.”
*11 Our examination of the record, argument of counsel, and review of the excellent briefs presented by respective counsel lead us to conclude that the able Chancellor was eminently correct in entering his declaratory judgment. We therefore—
Affirm.
LILES, Acting C. J., and MANN, J., concur.